## IN THE U.S. DISTRICT COURT OF MARYLAND
### FOR DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Stephanie A. Selby | * | |
| 921 Armistead Way | | |
| Baltimore, Maryland 21205 | * | |
| | | |
| and | * | |
| | | |
| Ashley M. Selby | * | |
| 921 Armistead Way | | |
| Baltimore, Maryland 21205 | * | |
| | | |
| Together, "Plaintiffs" | * | |
| | | |
| v. | * | Case No.  MJG 13-1531 |
| | | |
| Sip & Bite Restaurant, Inc. | * | |
| (t/a "Sip & Bite") | | |
| 2200 Boston Street | * | |
| Baltimore, Maryland 21231 | | |
| | * | |
| a Maryland Corporation | | |
| | * | |
| Anthony Vasiliades | | |
| c/o Sip & Bite | * | |
| 2200 Boston Street | | |
| Baltimore, Maryland 21231 | * | |
| | | |
| Sophia Vasiliades | * | |
| c/o Sip & Bite | | |
| 2200 Boston Street | * | |
| Baltimore, Maryland 21231 | | |
| | * | |
| Together, "Defendants" | * | |

_____/

## FIRST AMENDED COMPLAINT UNDER THE FAIR LABOR
## STANDARDS ACT FOR MONEY DAMAGES

Plaintiffs, Stephanie A. Selby and Ashley M. Selby, through undersigned counsel, state a

complaint against Defendant Sip & Bite Restaurant, Inc., Anthony Vasiliades, and Sophia

Vasiliades ("Defendants"), who together are individually and jointly liable under the Fair Labor

Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and are likewise liable under a supplemental state law claim arising under Maryland's Wage and Hour Law, Md. Ann. Code LE art. 3-401 *et seq.* ("MWHL"), and demand a jury trial, as follows:

<u>**Introduction, Venue, and Jurisdiction**</u>

1.      This is a lawsuit brought by Plaintiffs who worked at Defendant's "Sip & Bite," a well-known diner located in the Canton neighborhood of Baltimore City, Maryland.  The Plaintiffs are sisters who reside in Baltimore City, Maryland.  The individual Defendants are a married couple who operate the Sip & Bite diner, and who upon information and belief, reside in Baltimore City, Maryland.  Defendant Sip & Bite Restaurant, Inc. is incorporated in Maryland.  By failing to pay the Plaintiffs *any wages* (except for one payment to Plaintiff Stephanie Selby in the amount of $59.00)*,* let alone the minimum wage and overtime amounts due, from time to time, Plaintiffs allege that Defendants willfully violated very clear and well-established provisions of the overtime and minimum wage provisions of the FLSA.  Similarly, the Plaintiff alleges that the Defendants violated the minimum wage provisions of the MWHL.

2.      In addition to actual sums owed, Plaintiffs seek liquidated (statutory) damages pursuant to the FLSA, pre-judgment interest on all amounts owed under the MWHL, and attorneys' fees and costs as provided under the FLSA and the MWHL.

3.      Defendant Sip & Bite Restaurant, Inc. is a corporate entity doing business as "Sip & Bite."  Defendant Sip & Bite serves food and beverages to its patrons in a neighborhood diner like atmosphere.  Upon further information and belief, Defendant Sip & Bite Restaurant, Inc. is run by the Mr. Anthony Vasiliades.  Defendants Sip & Bite Restaurant, Inc. is a corporate entity doing business as the "Sip & Bite."  Upon information and belief, Defendant Sip & Bite Restaurant, Inc. is the corporate entity who serves as the operator of the Sip & Bite.  Defendant

Sip & Bite Restaurant, Inc. serves food and beverages to its patrons in Baltimore City, Maryland. Upon further information and belief, Defendants Sip & Bite Restaurant, Inc. are owned (at least in part) and operated by Defendant Anthony Vasiliades.

4.      Plaintiff Stephanie Selby worked at the Sip & Bite for approximately eight years up until May 17, 2013 as a server.  Plaintiff Ashley Selby worked at Sip & Bite for approximately four years (beginning when she was fourteen years old) up until May 23, 2013.  Plaintiffs received no wages whatsoever from the Defendants for their work, except for a single payment of $59.00 received by Plaintiff Stephanie Selby.

5.      At all times material herein, the corporate Defendant had annual gross volume of sales made or business done in an amount exceeding $500,000.00.  For example, according to Plaintiff Stephanie Selby, who usually worked the 10:45pm to 7:45 am "overnight" shift with two other servers, the Sip & Bite uses an old-fashioned manual cash register.  Most of the checks were paid with cash.  However, the end of shift reports would list *credit card sales* for each shift.  For the *overnight shift alone*, credit card sales fluctuated between $2,000.00 and $6,000.00 per shift, depending on how busy the restaurant was, but were generally around $4,000.00 *per overnight shift*.  When Ms. Shelby worked on other shifts, the credit card sales were also within that same range ($2,000.00 to $6,000.00 per shift).  In addition, the Sip & Bite had other sources of cash income – they received cash from one or more poker machine(s) in the restaurant.  Customers deposited money into a machine, and if they won, they were would be paid in cash from the cash register.  Based simply on the overnight shift's credit card sales *alone*, the corporate Defendant had annual gross volume of sales made or business done in an amount exceeding $1,456,000.00.

6.      Defendant Anthony Vasiliades, upon information and belief, is an officer of the Defendant Sip & Bite Restaurant, Inc.   Defendant Anthony Vasiliades is assigned all

bookkeeping and scheduling functions.   Defendant Anthony Vasiliades supervises the administration of the business, including the scheduling of servers for work.   Upon information and belief, he receives dividends from Defendant Sip & Bite Restaurant, Inc.   Defendant Anthony Vasiliades has actively engaged in the management and direction of employees, including the Plaintiffs, and has possessed and exercised authority and discretion to fix, adjust, and determine hours worked with respect to employees at Defendant Sip & Bite Restaurant, Inc., including the Plaintiffs.   Upon information and belief, Defendant Anthony Vasiliades has custody and control of business records and is responsible for maintaining those records.   At all times material herein, Defendant Anthony Vasiliades is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the MWHL, Md. Ann. Code, LE art. 3-401(b), and thus, Defendant Anthony Vasiliades is jointly and individually liable under for damages to the Plaintiffs arising under the FLSA, and the MWHL.

7.      Defendant Sophia Vasiliades operates the Sip & Bite diner along with her husband, Anthony Vasiliades.  Defendant Sophia Vasiliades directs the work of servers, and has the power to call servers, like the Plaintiffs, into the restaurant to serve when business conditions require. Defendant Sophia Vasiliades is involved in assisting Defendant Anthony Vasiliades operate the Sip & Bite Restaurant, and is involved in supervision at every level.   Defendant Sophia Vasiliades, on occasion, asked Plaintiffs and other servers to cover cash register shortages with their own cash tips.   At all times material herein, Defendant Sophia Vasiliades, who had the power to (and did) direct the work of the Plaintiffs, is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the MWHL, Md. Ann. Code, LE art. 3-401(b), and thus, Defendant Sophia Vasiliades is jointly and individually liable under for damages to the Plaintiffs arising under the FLSA, and the MWHL.

8.      Defendants, together, a single enterprise/joint employer, have at least two or more employees who are engaged in commerce, produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce.  For instance, there are employees of the Defendants who negotiate and purchase food from producers and suppliers who operate in interstate commerce.  There are employees who cook, serve, and otherwise handle this food, as well as alcoholic beverages, that cross interstate and even international boundaries.  There are employees who regularly use wire and electronic means of communicating interstate, including the Plaintiff and other similarly situated servers, who also regularly sell food that has moved in interstate commerce, and who regularly process credit card transaction for customer payments.  There are employees who use, in the Defendants' restaurant, cleaning products, dishes, tools, utensils, napkins, menus, signage, among other items, that have moved in interstate commerce.  Accordingly, subject matter jurisdiction exists because the Plaintiffs are employed by the Defendants, a single covered enterprise, which satisfies the enterprise coverage provisions under the FLSA.  Defendants also satisfy the coverage provisions of the MWHL.  As a single enterprise, Defendants have been at all times material herein an "employer" within the meaning of the FLSA and MWHL.

9.      Venue is proper.

10.     This Court has subject matter jurisdiction to hear these FLSA claims and may exercise supplemental jurisdiction over the MWHL claims.

## Factual Allegations

11.     Plaintiff Stephanie Selby worked as a server for approximately eight years.  Plaintiff Ashley Selby worked as a bus person/server for approximately four years; she routinely worked the overnight shift and served alcoholic beverages at Sip & Bite beginning when she was

fourteen (14) years old.  Plaintiffs took food/beverage orders from guests of the Sip & Bite restaurant throughout their employment.

12.     Plaintiffs were not exempt under the FLSA's minimum wage and overtime requirements, and were not exempt from the MWHL's minimum wage requirements.

13.     At various times, Plaintiff Stephanie Selby worked in excess of a forty hour workweeks, and was generally required to work every holiday in addition to her regular shifts.

14.     Plaintiffs were paid nothing by the Defendants.  For most of their employment, Plaintiffs were allowed to retain only their *cash* tips left by customers. During the past several years, Sip & Bite began accepting credit card payments and Plaintiffs would receive cash for the credit card tips left by customers.  In addition, if there were customer walkouts and cash register shortages, Plaintiffs were forced to repay the Defendants out of their cash tips.

15.     Defendant Sip & Bite Restaurant, Inc. has been sued on numerous occasions in the Circuit Court for Baltimore City by former employees to recover unpaid wages.  In 2012, Patricia Brager, a server who was not paid any wages in over two years of employment, sued the Defendants for unpaid minimum wages and overtime compensation under the FLSA in the United States District Court for the District of Maryland, Case No1:12-cv-01832-RDB. Following the filing of that lawsuit, Defendants began giving paychecks to servers, including Plaintiff Stephanie Selby, which they were not allowed to cash.  Instead, the servers were told that they had to sign the paychecks over to the Defendants if they wanted to keep their jobs, but were not given any cash or other compensation for the checks.  Plaintiff Stephanie Selby was required to sign over all of her paychecks and (except for a single payment of $59.00) did not receive any cash or other compensation in exchange for the checks.  These practices were implemented by the Defendants as part of a fraudulent scheme by the Defendants to cover-up

their intentional, willful and on-going violations of the FLSA and MWHL.  Plaintiff Ashley Selby was never given any paychecks (even ones which could not be cashed) because, on information and belief, she was a minor (until recently turning 18) serving alcoholic beverages in violation of State law.

16.     Defendants have violated Plaintiffs' right to be paid the full minimum wage, and the rights of other similarly situated workers.  While the FLSA allows employers to pay less than minimum wage to employees who receive tips, 29 U.S.C. § 203(m), the employer must still pay at least $2.13/hour under the FLSA and $3.63/hour under the MWHL.  In addition, the employer must also inform the employee that it will take a tip credit.  Defendants did not comply with the requirements of 29 U.S.C. § 203(m) and Md. Ann Code LE art. § 3-419.

### Causes of Action

### COUNT I
**(FLSA - Failure to Pay Minimum Wage)**
**(All Plaintiffs v. All Defendants)**

17.     Plaintiffs incorporate paragraphs 1-16 as set forth above, and state that Defendants' actions complained of herein constitute a willful violation of 29 U.S.C. § 206 (minimum wage), because Defendants at all times during the Plaintiffs' employment, failed to pay the Plaintiffs the proper minimum wage rate, free and clear.

18.     As a result, Plaintiffs have the legal right to receive the full minimum wage, as required by Federal law and applicable Federal regulations.

### COUNT II
**(FLSA - Failure to Pay Overtime)**
**(Plaintiff Stephanie Selby v. All Defendants)**

19.     Plaintiff Stephanie Selby incorporates paragraphs 1-18 as set forth above, and states, in addition, that Defendants' actions complained of herein constitute a violation of Section 207 of

the FLSA, because Defendants failed to pay the Plaintiff an overtime wage of at least 1 ½ times the applicable minimum wage, for certain statutory work weeks, and as a result, Plaintiff did not receive overtime pay, as required by Section 207 of the FLSA, 29 U.S.C. § 207.

**COUNT III**
**(Maryland Wage/Hour Law - Failure to Pay Minimum Wage)**
**(All Plaintiffs v. All Defendants)**

20.     Plaintiffs incorporate paragraphs 1-19 as set forth above, and state that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE art. § 3-413 (minimum wage), because Defendants at all times during the Plaintiffs' employment, failed to pay the Plaintiffs the proper minimum wage rate, free and clear.

21.     As a result, Plaintiffs have the legal right to receive the full minimum wage, as required by Maryland law and applicable Maryland regulations.

**Prayer**

Based on the foregoing allegations, Plaintiffs respectfully request that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a)     Order Defendants to pay Plaintiffs all unpaid minimum wage payments and overtime premiums determined by the Court to be due and owing, under the FLSA (and under the Maryland Wage/Hour law), as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments and overtime premiums awarded to Plaintiffs;

(b)     Award Plaintiffs their attorneys' fees and costs in pursuing this action;

(c)     Award Plaintiffs interest on any sums determined due and owing from Defendants, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(d)     Grant Plaintiffs any additional relief that the Court deems appropriate and just.

Respectfully submitted,


_(/s/)_____          _/s/ (with permission)_____
Howard B. Hoffman, Esq.          Bradford W. Warbasse, Esq.
Federal Bar No. 25965            Federal Bar No. 07304
600 Jefferson Plaza, Ste. 304    401 Washington Avenue, Ste. 200
Rockville, Maryland 20852        Towson, Maryland 21204
(301) 251-3752                   (410) 337-5411


_Counsel for Plaintiffs_          _Counsel for Plaintiffs_


## **Jury Demand**


The Plaintiff, by her attorney, hereby demands a jury trial as to all issues triable by a jury.


_/s/ Howard B. Hoffman___
Howard B. Hoffman

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 15th day of July, 2013, a copy of the foregoing Plaintiffs'

Complaint was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District

Court for the District of Maryland, and is available for viewing and downloading from the ECF

system.


*/s/ Howard B. Hoffman__*
Howard B. Hoffman