**IN THE U.S. DISTRICT COURT OF MARYLAND**
**FOR DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **Stephanie A. Selby, et al.** | * | |
|     **Plaintiffs** | * | |
| **v.** | * | **Case No. MJG 13-1531** |
| **Sip & Bite Restaurant, Inc., et al.** | * | |
|     **Defendants** | | |
| _____/ | | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS AND REQUEST FOR DISCOVERY**
**(And Request for Oral Argument)**

Plaintiffs, by and through undersigned counsel, oppose Defendants' Motion to Dismiss (ECF Doc. 10), and in support thereof, state as follows:

**I.     Facts**

This case arises under the Federal Fair Labor Standards Act (FLSA).  29 U.S.C. § 201 et seq.  The Plaintiff worked for the "Sip & Bite Restaurant," as a server.  The "Sip & Bite" is an iconic diner on Boston Street in Canton, Maryland.  The Defendants' website is http://www.sipandbite.com/.  The Sip & Bite has been in business since 1948.  It is open 24 hours a day, and it has many employees.  It has a very lengthy menu of diner, local, and Greek inspired cuisine.  https://www.sipandbite.com/menu/  It serves food, beer, and wine.  It frequently generates media attention, even on a national level.  https://www.sipandbite.com/media/  Customers can purchase the iconic crab cakes, soup, t-shirts, and mugs through the internet and have these items shipped anywhere.  https://www.sipandbite.com/shop/

Yet despite this obvious success, the Plaintiffs were forced to work for just cash tips.  Plaintiffs received **no** wages paid by the Sip & Bite (not even a tip credit wage of $3.63/hour).  After a co-worker brought in a similar FLSA claim, the Defendants began issuing paychecks but requiring the servers to endorse the paychecks as if they had cashed them at the Sip & Bite.  According to the Defendant, in the last ten years, they have been sued at least three times by <u>other</u> employees for unpaid wages, prior to this Plaintiff's lawsuit.  (Exh. 1).

Defendants claim that they do not meet the FLSA's minimum coverage threshold of annual sales of $500,000.00.  The self-serving tax returns, filed by Defendants who willfully violate the FLSA by forcing employees to endorse their paychecks for no consideration, should not be trusted.[1]

According to Plaintiff Stephanie Selby, who usually worked the 10:45pm to 7:45 am "overnight" shift with two other servers, the Sip & Bite uses an old-fashioned manual cash register.  (Exh. 2; Shelby Aff. ¶ 4).  Most of the checks were paid with cash.  <u>Id.</u>  However, the end of shift reports would list *credit card sales* for each shift.  (Exh. 2; Shelby Aff. ¶ 3).  For the *overnight shift alone*, credit card sales fluctuated between $2,000.00 and $6,000.00 per shift, depending on how busy the restaurant was, but were generally around $4,000.00 *per overnight shift*.  (Exh. 2; Shelby Aff. ¶ 3).  When Ms. Shelby worked on other shifts, the credit card sales were also within that same range ($2,000.00 to $6,000.00 per shift).

In addition, the Sip & Bite had other sources of cash income – they received cash from one or more poker machine(s) in the restaurant.  (Exh. 2; Shelby Aff. ¶ 5).

---

[1]   With records maintained electronically, it is surprising that any business organization would not have, readily available at their fingertips, their gross sales for 2012.

Customers deposited money into a machine, and if they won, they were would be paid in cash from the cash register. (Exh. 2; Shelby Aff. ¶ 5).

Plaintiffs respond to Defendants' Motion to Dismiss by: (1) filing a First Amended Complaint (withdrawing *without prejudice* claims against George Vasiliades); and (2) requesting the commencement of discovery, so that Plaintiffs may create a triable issue as to the bona fides of Defendants' on tax returns and the Court's reliance on them.

## II.   Argument

### A.   The Dismissal of George Vasiliades and Olymbos Properties Moots Defendants' Argument.

With respect to Defendants' Motion to Dismiss, Plaintiffs have filed their First Amended Complaint setting forth new and additional facts, clarifying various items, and dismissing without prejudice the two Defendants at issue George Vasiliades and Olymbos Properties, LLC.  See Turner v. Kight, 192 F.Supp.2d 391, 397 (D. Md. 2002).

### B.   FLSA Enterprise Coverage Is Not Jurisdictional.

Defendants claim that this action is subject to dismissal pursuant to Fed.R.Civ.P. 12(b)(1) due to the absence of subject matter jurisdiction.  (ECF Doc. 10-1, pg. 8).  They make this assertion based on their claim that the Sip & Bite does not have sufficient sales to qualify as an enterprise engaged in commerce. Id.

As an initial matter, Defendants are mistaken in asserting that this Motion can be decided pursuant to Fed.R.Civ.P. 12(b)(1). (Defendants contend that the Plaintiffs bear the burden of proving that subject matter exists in this Court. (ECF Doc. 10-1, pg. 5). The Fourth Circuit has not held that the annual-dollar-volume (ADV) of the enterprise coverage test under the FLSA is jurisdictional.  However, the First Circuit has squarely addressed the issue and held that the FLSA's ADV coverage is not jurisdictional.  See

Chao v. Hotel Oasis, Inc., 493 F.3d 26, 33 (1st Cir. 2007) (citing Arbaugh v. Y&H Corp., 546 U.S. 500, 511 (2006)).  The First Circuit reasoned that "[t]he FLSA places the ADV limitation in the definitions section of the Act, and does not suggest that the ADV limitation is jurisdictional.  We therefore treat it as an element of the claim."  Id. (citation omitted); see also Turcios v. Delicias Hispanas Corp., 275 Fed.Appx. 879, 881 (11th Cir. 2008).  In Brown v. Peaches and Pears Social Club, Inc., 2011 WL 6153630, *2-3 (E.D. Ark. Dec. 12, 2011), a Court held that the issue of ADV coverage under the FLSA involved the merits of the Plaintiffs' claims, and denied a motion to dismiss for lack of subject matter jurisdiction.  Id. at *2-3 (citing cases); see also Williams v. Hooah Sec. Serv., LLC, 729 F.Supp.2d 1011, 1013 (W.D. Tenn. 2010) (denying similar Fed.R.Civ.P. 12(b)(1) motion for *alleged* lack of ADV coverage under the FLSA, observing that many other courts have applied the Arbaugh, supra holding in the context of the FLSA).

The Defendants rely on Russell v. Cont'l Rest., Inc., 430 F.Supp.2d 521, 523 (D. Md. 2006), but Russell never considered Arbaugh, or other cases that hold that the FLSA's ADV coverage test is *not* jurisdictional.

Defendants' reliance on Aguilar v. LR Coin Laundromat, Inc., RDB 11-2352, 2012 WL 1569552 (D. Md. May 2, 2012) is similarly unavailing.  There, the Court assumed again that the issue of ADV coverage under the FLSA was jurisdictional.  In fact, Defendants have not cited any case from this District which has squarely addressed whether the FLSA's ADV coverage provisions are jurisdictional.  But even if they had, any such decision is non-binding, See National Union Fire Ins. Co. v. Allfirst Bank, et al., 282 F.Supp.2d 339, 351 (D. Md. 2003) (Nickerson, J.) ("Of course, no decision of a district court judge is technically binding on another district court judge, even within the

same district."), and the weight of authority across the Country suggests that ADV coverage is not a jurisdictional issue which Plaintiff must prove.

### C.     Plaintiff Has Pled Knowledge Of Sales In Excess of $500,000.00.

The essential problem with Defendants' Motion is that it is premised on the mistaken notion that tax returns are conclusive evidence of ADV coverage under the FLSA.

To the contrary, Plaintiff is allowed to demonstrate that the Defendants' tax returns are not reliable and trustworthy in terms of reflecting the true gross sales of the Defendants.  See Arilus v. Joseph A. Deimmanuele, Jr., Inc., -F.Supp.2d-, 2012 WL 4343649, *8 (S.D. Fla. Sept. 19, 2012) ("Clearly, the FLSA does not require a party to prove annual sales only through reliance on a corporate income tax return, i.e., other admissible evidence may be presented to establish the amount of annual sales or to challenge the accuracy of the tax returns."); Monterossa v. Martinez Restaurant Corp., 2012 WL 3890212, *3 (S.D.N.Y. Sept. 7, 2012); Amaya v. Superior Tile & Granite Corp., 2012 WL 130425, *4 (S.D.N.Y. Jan. 17, 2012) (finding defendant's tax returns "entirely unreliable" and "utterly inconsistent with a business employing six to eight workers full time ..."); Lopez v. Pereyra, 2009 WL 3586907, *3 (S.D. Fla. Oct. 27, 2009); Turcios v. Delicias Hispanas Corp., 275 Fed.Appx. 879, 882-883 (11th Cir. 2008) (reversing, and allowing Plaintiff to develop evidence in an FLSA case against a restaurant that tax returns were not reliable evidence of enterprise coverage).  After cheating the Plaintiff and others of wages, Defendant should not escape FLSA liability based on its self-serving tax return.

In this case, the Plaintiff has alleged that typical overnight shifts alone would result in credit card sales of $4,000.00, not including cash sales which were input into a manual cash register. (Exh. 2; Selby Aff. ¶ 3). Open 364 days a year, the math demonstrates the falsity of the Defendants' tax records: 364 days x $4,000.00 average *overnight* shift = $1,456,000.00. This revenue figure *does not* include cash sales or sales during *other* shifts, which if included would naturally result in an even higher number which would be consistent with the number of employees and family members that work at the Sip & Bite. For an iconic landmark diner like the "Sip & Bite," which sells goods (including frozen crab cakes, t-shirts, and coffee cups) through its internet webpage, these figures are more what would be realistically expected than the roughly $325,000.00 which might be more appropriate for a micro-restaurant in a rural area.

### D.     Plaintiffs Request Discovery Regarding The Gross Sales of Defendant.

Discovery in this case is needed to determine whether the Defendants combined gross sales for the years 2010, 2011, 2012, and 2013 equal or exceed $500,000.00 per year.

The Defendants should especially not be allowed to claim that their gross sales were less than $500,000.00 in 2012, vis-à-vis an affidavit when no discovery in this case has occurred. It would not be difficult to imagine that Defendants are seriously understating their gross income on their tax returns. Plaintiffs are be entitled to review register receipts and orders for product/alcohol, to reasonably impute income to the Defendants.     See     http://www.irs.gov/Businesses/Small-Businesses-&-Self-Employed/Retail-Industry-ATG---Chapter-4:-Examination-Techniques-for-the-Food-

and-Beverages-Industries-%28Restaurants-and-Bars%29  This discovery should be allowed, *see infra*, Section E.

### E.    Plaintiffs Require Discovery Pursuant to Fed.R.Civ.P. 56(d).

"[W]hen a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged.  On the other hand, when the defendant challenges the veracity of the facts underpinning subject matter jurisdiction, the trial court may go beyond the complaint, conduct evidentiary proceedings, and result the disputed jurisdictional facts.  And when the jurisdictional facts are inextricably intertwined with those central to the merits, the court should resolve the factual disputes only after appropriate discovery, unless the jurisdictional allegations are clearly immaterial or wholly unsubstantial and frivolous."  Kerns v. U.S., 585 F.3d 187, 193 (4th Cir. 2009).

In this case, the Defendants are challenging the veracity of the facts which they claim underpin subject matter jurisdiction.  This Court should allow discovery to proceed as to the merits of this matter, and resolve these factual disputes as to Defendants' ADV and FLSA coverage only after appropriate discovery.

Plaintiffs oppose the pending Motion to Dismiss on the grounds that discovery is needed.  Somewhat analogously, Rule 56(d)[2] provides that when a party facing an adversary's motion for summary judgment reasonably advises the Court that it needs discovery to be able to present facts needed to defend the motion, the Court should defer

---

[2]    In the 2011 edition of the Federal Rules of Civil Procedure, Rule 56(f) was re-designated as 56(d). The amendments to the Federal Rules of Civil Procedure note that "[s]ubdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Fed. R. Civ. P. 56(d) cmt. Subdivision (d) (2010 Amendments).

decision of the motion or deny the motion until the non-moving party has had the opportunity to take discovery that may rebut or deny the motion in its entirety.  Summary judgment "ordinarily 'is proper only after the plaintiff has been given adequate time for discovery.'"  Americable Int'l, Inc. v. Dep't of Navy, 129 F. 3d 1271, 1274 (D.C.Cir. 1997).  "Sufficient time for discovery is considered especially important when the relevant facts are exclusively in the control of the opposing party."  Harrods, Ltd. v. Sixty Internet Domain Names, 302 F. 3d 214, 247 (4th Cir. 2002).  "The purpose of Rule 56(f) is to prevent 'railroading' the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery."  Dickens v. Whole Foods Market Group, Inc., 2007 WL 1034937 (D.D.C. Apr. 3, 2007).

The Affidavit of Plaintiffs' Counsel, Howard B. Hoffman, Esq. specifically identifies discovery which Plaintiffs intend to seek in opposing the instant Motion.  (Exh. 3).  The requested discovery would (at the very least) preclude dismissal in favor of the Defendants, as follows:

| **Specific Discovery Requested by Plaintiffs** | **Preclusion of Summary Judgment** |
|---|---|
| Plaintiffs seeks discovery as to: (a) the gross sales for the Sip & Bite Restaurant, Inc., from January 1, 2010 through the present, on a quarterly basis, as determined by tax and other financial records; and (b) the amount of product ordered and sold by the Sip & Bite, to forensically determine the accuracy of the Defendants' tax records, using techniques to impute more than $500,000.00 in sales, such as those used by the Internal Revenue Service, see http://www.irs.gov/Businesses/Small-Businesses-&-Self-Employed/Retail-Industry-ATG---Chapter-4:-Examination-Techniques-for-the-Food-and-Beverages-Industries-%28Restaurants-and-Bars%29<br><br>This anticipated discovery, inspired by IRS audit techniques, would be taken by way of document production and deposition.  It would be similar to the following: | The requested discovery will be used to establish that Defendant Sip & Bite Restaurant, Inc. is a covered "enterprise" under the FLSA, 29 U.S.C. 203(s)(1)(A), and to disprove Defendants' assertion that they had gross sales of less than $500,000.00 in last three years. |

> For all periods of time in which you contend that you had less than $500,000.00 in gross sales, please produce all documents which refer or relate to the amount of gross sales by Sip & Bite Restaurant, Inc., including but not limited to: (i) daily cash register tapes,[3] including credit card sales, credit card tips, cash sales in total and by server; (ii) deposit slips; (iii) credit card and house account charge slips; (iv) daily operating reports; (v) bank statements for all checking and savings accounts; (vi) bank reconciliation statements and forms; (vii) daily, weekly, and annual inventory reports of food, liquor, beer, and wine; (viii) documents demonstrating all equipment and material purchases (include copy of invoices); (ix) purchase recap and unpaid bill recap; (x) payroll summary reports; (xi) any and all monthly and quarterly tax returns; (xii) books of original entry including cash receipts journal; sales journal; general ledger; and working trial balance; (xiii) monthly financial statements including income statement, balance sheet(s) cash flow statement(s), and changes in financial position; (xiv) loan (including mortgage) and credit card applications, along with any supporting materials; (xv) daily, quarterly and annual employee sales and tip reports; and (xvi) any and all documents showing standard costs and sales price for each item sold by you.
>
> **And**
>
> Describe in detail all products and goods which are sold by Defendant in this action in the operation of the "Sip & Bite Restaurant, Inc.," identifying (a) the product or good, (b) your retail price, (c) the amount of products or goods sold for each calendar quarter in 2010, 2011, 2012 and 2013.

---

[3] Counsel for Plaintiffs has already advised Defendants' counsel to preserve and maintain these records.

| | |
|---|---|
| Plaintiffs seek to obtain the records and contracts between the Defendants and any credit card processors, to determine the amount of credit card transactions involved in Defendants' business.  This will determine whether the Defendants were reporting their *credit card* sales on their tax returns. This anticipated discovery would be taken by way of written discovery and deposition. | The requested discovery will be used to establish that Defendant Sip & Bite Restaurant, Inc. is a covered "enterprise" under the FLSA, 29 U.S.C. 203(s)(1)(A), and to disprove Defendants' assertion that they had gross sales of less than $500,000.00 in last three years. |
| Plaintiffs seek to obtain the bank and brokerage account records for **all** of the Defendants (and possibly third parties) to determine the amount of cash transactions deposited in the name of the Defendants' business.  This will determine whether the Defendants were reporting their *cash* sales on their tax returns. This anticipated discovery would be taken by way of written discovery and deposition.<br><br>This anticipated discovery would be taken by way of document production.  It would be similar to the following:<br><br>`    Please produce copies of any and all of your`<br>`    checking, savings, and brokerage account`<br>`    statements for the period January 1, 2009`<br>`    through the present.` | The requested discovery will be used to establish that Defendant Sip & Bite Restaurant, Inc. is a covered "enterprise" under the FLSA, 29 U.S.C. 203(s)(1)(A), and to disprove Defendants' assertion that they had gross sales of less than $500,000.00 in last three years. |
| Plaintiffs seek the records for the transactions involving the poker machine(s), including the specific amounts recorded by Defendants spent by patrons playing the poker machines, and the amount of monies that the Defendants pay out. | The requested discovery will be used to establish that Defendant Sip & Bite Restaurant, Inc. is a covered "enterprise" under the FLSA, 29 U.S.C. 203(s)(1)(A), and to disprove Defendants' assertion that they had gross sales of less than $500,000.00 in last three years. |

| | |
|---|---|
| Plaintiffs seek the records for the internet sales transactions of the Defendants. | The requested discovery will be used to establish that Defendant Sip & Bite Restaurant, Inc. is a covered "enterprise" under the FLSA, 29 U.S.C. 203(s)(1)(A), and to disprove Defendants' assertion that they had gross sales of less than $500,000.00 in last three years. |
| Plaintiffs seek to name their own forensic accountant (certified fraud expert) and possibly other restaurant experts who can opine: (1) whether the purchase of goods is consistent with an entity with sales of approximately $300,000.00; and (2) whether the accounting systems utilized by the Defendants are appropriate to maintain accurate recordkeeping of total sales. | The requested discovery will be used to establish that Defendant Sip & Bite Restaurant, Inc. is a covered "enterprise" under the FLSA, 29 U.S.C. 203(s)(1)(A), and to disprove Defendants' assertion that they had gross sales of less than $500,000.00 in last three years. |

No scheduling order has been issued in this case, and the Plaintiffs have clearly demonstrated numerous issues in dispute, and provided the Court with the specific discovery needs which Plaintiffs intend to pursue.

"Generally, summary judgment must not be ordered when the nonmoving party has not had the opportunity to discover information essential to his opposition."[4] McLaughlin v. Murphy, 372 F.Supp.2d 465, 470 (D. Md. 2004). In McLaughlin, the District Court granted a Rule 56(d) request by a plaintiff, and denied a prematurely filed

---

[4] Plaintiffs clearly have demonstrated that there are definite disputes of material fact simply between Defendants' tax returns, on the one hand, and the affidavit of Stephanie A. Shelby on the other. Plaintiffs should be granted discovery in order to prepare for Trial.

Motion for Summary Judgment in a case where discovery had yet to even occur, where the Plaintiff devoted an entire section of his opposition brief to arguing that he was entitled to discovery under Rule 56(d), and he identified specific areas of discovery needed to create a genuine issue of material fact.  Id. at 471.  The same result should apply here, given the fact that discovery has not occurred and the Plaintiffs cannot be accused of not pursuing discovery or identifying specific evidence which they seek to obtain.

It is clear that the Plaintiffs in this case have submitted an affidavit seeking discovery pursuant to Rule 56(d), which " 'specifies legitimate needs.' "  Clark v. Creative Hairdressers, Inc., 2005 WL 3008511, *15 (D. Md. Nov. 9, 2005) (citing Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995)).  It is also clear that Plaintiffs have presented adequate reason, i.e., establishing the amount of gross sales by the Defendants independent of their dubious tax return.[5]

Based on the Plaintiffs' need to conduct the foregoing discovery, the fact that Plaintiffs have had no opportunity to conduct any discovery in this case, and the fact that most to the necessary information remains in the exclusive control of the Defendants, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss.

---

[5]   An employer that regularly and routinely finds itself in wage/hour litigation with its employees, including for claims that they now force servers to endorse over their paychecks in order to remain employed, is not entitled to any benefit of the doubt when it comes to the honesty of their tax returns.

**III.     Conclusion.**

For all of the foregoing reasons, the Court should deny Defendants' Motion to Dismiss and permit discovery in this case by entering a Scheduling Order.

Respectfully submitted,

| | |
|---|---|
| _____/s/_____ | _____/s/_ (with permission) |
| Howard B. Hoffman, Esq. | Bradford W. Warbasse, Esq. |
| Federal Bar No. 25965 | Federal Bar No. 07304 |
| 600 Jefferson Plaza, Ste. 304 | 401 Washington Avenue, Ste. 200 |
| Rockville, Maryland 20852 | Towson, Maryland 21204 |
| (301) 251-3752 | (410) 337-5411 |
| | |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |

**REQUEST FOR ORAL ARGUMENT**

Plaintiffs respectfully request oral argument with respect to the Defendants' Motion to Dismiss and this opposition.

*/s/ Howard B. Hoffman*
Howard B. Hoffman

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of July, 2012, a copy of the foregoing Plaintiffs' Opposition to Defendants' Motion to Dismiss, together with all exhibits, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.

                                          */s/ Howard B. Hoffman*
                                        Howard B. Hoffman