IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEPHANIE A. SELBY, et al. | * | |
| Plaintiffs, | * | |
| v. | * | Case No. 1:13-cv-01531-MJG |
| SIP & BITE RESTAURANT, INC., et al. | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

Defendants Sip & Bite Restaurant, Inc. ("Sip & Bite"), Anthony Vasiliades, and Sofia Vasiliades, by their undersigned counsel, hereby submit this Reply to the Opposition filed by Plaintiff Stephanie Selby and Ashley Selby (collectively, the "Plaintiffs") in response to Defendants' Motion to Dismiss (the "Motion").[1]

In support of their Motion to Dismiss, Defendants submitted Sip & Bite's tax returns for a three-year period, thereby confirming that the restaurant does not have an annual sales volume of at least $500,000 so as to bring Sip & Bite within the coverage of the Fair Labor Standards Act ("FLSA"). In response to this evidence, which is dispositive of the issue of whether subject matter jurisdiction exists in this action, the Plaintiffs simply accuse Defendants of having committed tax fraud, and urge that the tax records should be ignored. As set forth herein, however, the Plaintiffs' theories as to the revenues realized by Sip & Bite are entirely without support, and the Plaintiffs have failed to carry their burden of

---

[1] With the filing of their Amended Complaint, the Plaintiffs have dismissed their claims against two of the Defendants named in the Motion to Dismiss (Olymbos Properties, LLC and George Vasiliades).

establishing this Court's subject matter jurisdiction with regard to their FLSA claims. Defendants' Motion to Dismiss must therefore be granted.

I.  **Plaintiffs Have Failed to Identify a Valid Basis to Disregard This Court's Precedent With Regard to the $500,000 Revenue Threshold for Coverage Under the FLSA.**

The Plaintiffs open their argument with the assertion that Defendants' Motion, which was filed pursuant to Rule 12(b)(1), should be denied on the grounds that the $500,000 revenue requirement for coverage under the FLSA is not jurisdictional in nature. In so arguing, Plaintiffs ask this Court to simply ignore its own past decisions on this issue, in which the Court has dismissed FLSA claims pursuant to Rule 12(b)(1) based on evidence indicating that the defendant-employer did not have $500,000 in annual revenues.

In *Russell v. Cont'l Rest., Inc.*, 430 F. Supp. 2d 521, 523 (D. Md. 2006), the plaintiff was employed as a server at the restaurant operated by the defendant. The defendant moved to dismiss based on the absence of subject matter jurisdiction on the grounds that (1) it was not an enterprise "engaged in commerce" due to the fact that it generated less than $500,000 in sales and (2) the plaintiff was not personally engaged in commerce during her employment. The Court, after expressly noting that it was proceeding pursuant to Rule 12(b)(1), stated that "the question that this Court must resolve is whether, under any circumstances, the FLSA could provide a remedy for the conduct alleged in Plaintiffs Amended Complaint." *Id.* at 523. The Court then concluded that the plaintiff was not personally engaged in commerce by virtue of her duties, and further concluded based on the tax records and affidavit submitted by the defendant that the defendant was not engaged in commerce because it had insufficient annual revenues to meet the FLSA threshold. *Id.* at 523-24. The Court therefore dismissed the action.

Likewise, in *Aguilar v. LR Coin Laudromat, Inc.*, 2012 U.S. Dist. LEXIS 61393 (D. Md. May 2, 2012), the defendant moved for dismissal of the plaintiff's FLSA claim pursuant to Rule 12(b)(1) on the grounds that it did not have sufficient revenues to trigger coverage under the FLSA. *See id.* at *10-*11 ("Specifically, Defendants contend that they are not subject to the Fair Labor Standards Act because they are not an enterprise engaged in commerce and Plaintiffs are not employees engaged in commerce or the production of goods.").

The Court reaffirmed its prior holding that "'an employer is subject to the FLSA if one of two pre-requisites is satisfied: (1) an employee is engaged in commerce or the production of goods for commerce ('covered employee') or (2) the employer is an enterprise engaged in commerce or in the production of goods ('enterprise coverage').'" *Id.* at *11 (quoting *Diaz v. HBT, Inc.*, 2012 U.S. Dist. LEXIS 11159 at *2 (D. Md. Jan. 31, 2012)). The Court then concluded, based on tax records and an affidavit submitted by the defendant, that the defendant did not have $500,000 in sales volume and was not engaged in commerce. *Id.* at *13. Most notably, the Court directly rejected the argument that the question of an employer's coverage under the FLSA is not a jurisdictional issue. *Id.* at *11 n.1.

The Plaintiffs have urged that *Russell* and *Aguilar* should be ignored, because certain courts outside the Fourth Circuit have taken a different position as to the jurisdictional nature of enterprise coverage. Plaintiffs' Opposition, however, offers no rationale for why this Court should abandon its own case law to adopt a contrary position. Indeed, *Aguilar* was decided subsequent to each of the cases cited in Plaintiff's Opposition, and in that decision this Court expressly rejected the very argument urged by the Plaintiffs.

The Plaintiffs, citing *National Union Fire Ins. Co. v. Allfirst Bank*, 282 F. Supp. 2d 339 (D. Md. 2003), simply assert that *Russell* and *Aguilar* can be ignored because a district court's own decisions are

3

not binding precedent.  While that point was acknowledged in *National Union*, in the very next sentence of its opinion the Court reaffirmed that such decisions are "persuasive authority entitled to substantial deference."  *Id.* at 351 (quoting *Bryant v. Smith*, 165 B.R. 176, 180-81 (W.D. Va. 1994)).  As the Plaintiffs have offered no substantive argument in favor of abandoning this Court's prior FLSA case law, the analysis applied in *Russell* and *Aguilar* should be given effect in this action.

## II.     The Plaintiffs Have Failed to Offer Sufficient Evidence to Meet Their Burden of Demonstrating Jurisdiction in Light of the Tax Records Produced by Defendants.

This Court has explained that a motion challenging subject matter jurisdiction pursuant to Rule 12(b)(1) can take one of two forms: the motion may either be based on the absence of jurisdictional allegations in the complaint, or the motion "may assert a lack of subject matter jurisdiction 'in fact' apart from any pleading."  *Russell*, 430 F. Supp. 2d at 523.  Where, as in this action, the Rule 12(b)(1) motion is based on the lack of jurisdiction "in fact," the "court may look beyond the allegations in the complaint to determine whether any evidence supports the exercise of jurisdiction."  *Id.*  The consideration of such evidence does not operate to convert the motion into one for summary judgment.  *Id.*; *see also Sharafeldin v. Maryland Dept. of Public Safety & Correctional Services*, 94 F. Supp. 2d 680, 684-85 (D. Md. 2000).  Of greatest significant, "[w]hether the defendant attacks jurisdiction under the former or latter theory, once the issue of subject matter jurisdiction has been raised, the plaintiff bears the burden of proving that subject matter jurisdiction exists in the federal courts."  *Id.*

In support of their Motion to Dismiss, Defendants submitted three years of tax returns, as well as a supporting affidavit, confirming that the Sip & Bite restaurant does not have annual revenues of $500,000 so as to be subject to the FLSA.  Plaintiffs' only response to this evidence is to assert that Sip & Bite's tax records must be fraudulent and "should not be trusted."  *Plaintiffs' Opposition* at 2.  Apart from their casual assertion that Defendants are engaged in criminal tax fraud, the only evidence offered

by the Plaintiffs is a two-page affidavit by Plaintiff Stephanie Selby which consists entirely of inaccurate and speculative assertions relating to Sip & Bite's operations.

Selby's statements as to Sip & Bite's revenues are based entirely on her assertion that she viewed – on an unspecified number of occasions – an "end of shift report" that "would list all credit card sales for each shift." *See* Exhibit 2 to *Plaintiffs' Opposition* ¶ 3.  As testified by Defendant Sofia Vasiliades, however, Sip & Bite's computer systems do not generate any document which records credit card sales on a per shift basis.  *See* Exhibit 1, *Affidavit of Sofia Vasiliades*, ¶ 4.  Further, in her position as a server, Selby had no access to Sip & Bite's financial records.  *Id.* ¶ 5.

Selby's only other assertion with regard to Sip & Bite's revenue is that the restaurant "received cash from one or more poker machine(s) in the restaurant throughout my employment."  *See* Exhibit 2 to *Plaintiffs' Opposition* ¶ 5.  Her affidavit, however, contains no information whatsoever concerning the amount of revenue allegedly generated by any such poker machine, nor does it offer any basis to suggest that Sip & Bite failed to properly record any revenue received.

In sum, Selby's affidavit provides no basis on which to deny Defendants' Motion, particularly in light of the fact that Defendants have submitted tax return documents confirming that Sip & Bite's revenues fall far below the $500,000 threshold for FLSA coverage.[2]  Plaintiffs bear the burden of

---

[2] As a final point, Defendants note that the revenue estimates offered by Plaintiff Stephanie Selby in her affidavit testimony are not credible on their face.  Sip & Bite is a small restaurant with only twelve tables, and nearly every item on the restaurant's menu is priced at well under $10.00.  Selby's assertion that Sip & Bite realizes $4,000 in credit card sales during each of her overnight shifts, coupled with her assertion that "most" sales are made in cash, would suggest that Sip & Bite was earning an average of at least $8,000 during every overnight shift she worked, despite the fact that the majority of those hours were worked in the middle of the night.  *See* Exhibit 2 to *Plaintiffs' Opposition* ¶¶ 2-4.  Defendants note further that if Selby's assertion that she, along with two other servers, sold at least $8,000 worth of food per shift, she would presumably have been earning tips on $2,666 in sales per night ($8,000 divided by 3).  Even assuming a conservative average of 15% in tips, applying Selby's own figures would suggest that her yearly tip earnings for Selby would approach $104,000.  Notably, Selby has failed to submit any of her own tax returns to indicate that she received tip income anywhere near commensurate with the outlandish revenue estimates she makes for Sip & Bite.

5

proving jurisdiction, and they have failed to meet that burden in the face of the tax records submitted by Defendants. *See Russell*, 430 F. Supp. 2d at 524 (granting dismissal pursuant to Rule 12(b)(1) in light of tax returns showing insufficient revenues to trigger FLSA coverage and denying plaintiff's request for discovery relating to defendant's revenue on the grounds that such discovery "would not lead to any genuine issues of fact" in the face of defendant's tax records).

## III.   The Discovery Sought by Plaintiffs Is Grossly Overbroad and Unduly Burdensome.

The Plaintiffs close their Opposition by arguing that they should be granted an opportunity to conduct discovery concerning the revenues of Sip & Bite for the purpose of discrediting the tax records submitted in support of Defendants' Motion. As noted *supra*, an identical argument was rejected by this Court in *Russell* when made in response to a Rule 12(b)(1) motion supported by tax documents demonstrating a lack of FLSA coverage.

Independent of the fact that any discovery is unwarranted in light of the holding in *Russell* and the records submitted by the Defendants in support of their Motion, out of an abundance of caution the Defendants note that the particular discovery outlined in Plaintiffs' Opposition is wholly inappropriate.[3] On their face, the requests would call for the production of every single business record in the possession of Sip & Bite, as well as documentation of the type and quantity of every item sold by Sip & Bite over a four-year period. Plaintiffs also request access to all bank records of not only Sip & Bite, but also Defendants Anthony and Sofia Vasiliades as well as unspecified third parties, and suggest an intention to pursue an unspecified number of depositions.

---

[3] Defendants further point out that Plaintiffs' Opposition does not provide the specific language of any proposed discovery requests, and Defendants expressly reserve the right to lodge timely objections in the event that any such discovery is ultimately permitted and served.

The discovery proposed by the Plaintiffs is entirely out of proportion to the narrow issue controlling the question of subject matter jurisdiction, namely the annual sales revenues of the Sip & Bite. Plaintiffs' suggestion that there is a need for far-ranging discovery on that issue seeks to obfuscate the fact that the best evidence of that revenue – Sip & Bite's tax returns as prepared by a third-party accountant – are already in the record. *See* Exhibits A-C to Motion to Dismiss. Plaintiffs have submitted no credible evidence in support of their accusations that Sip & Bite's tax records are fraudulent, and no basis exists on which to order discovery relating to Sip & Bite's revenues.

**CONCLUSION**

In light of the foregoing, Defendants respectfully request that this Court grant the instant Motion to Dismiss and enter an order: (a) Dismissing Counts One and Two with prejudice as to all Defendants, and (b) Dismissing Count Three without prejudice as to all Defendants.

Respectfully submitted,

/s/
Kevin C. McCormick (Bar No. 07674)
David M. Stevens (Bar No. 29119)
Whiteford, Taylor & Preston, L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202
T. (410) 347-8700
F. (410) 223-4379
kmccormick@wtplaw.com
dstevens@wtplaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of August, 2013, a copy of the foregoing Reply was served via the Court's electronic filing system and/or first-class mail to:

>Bradford W. Warbasse, Esq.
>401 Washington Avenue, Suite 200
>Towson, Maryland 21204
>
>Howard B. Hoffman, Esq.
>600 Jefferson Plaza, Suite 304
>Rockville, Maryland 20852

>/s/
>Kevin C. McCormick

*2059454*