```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

STEPHANIE A. SELBY, et al.      *

           Plaintiffs           *

      vs.                       *   CIVIL ACTION NO. MJG-13-1531

SIP & BITE RESTAURANT, INC.,    *
et al.
           Defendants           *

*     *     *     *     *     *     *     *     *
```

## MEMORANDUM AND ORDER RE: DISMISS MOTION

The Court has before it Defendants' Motion to Dismiss [Document 10] and the materials submitted relating thereto. The Court has held a hearing.

Plaintiffs have sued Defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and the Maryland Wage-Hour Law. By the instant motion, Defendants seek dismissal of the federal claim because the corporate Defendant's gross revenues did not and do not exceed the $500,000 gross revenue threshold provided by 29 U.S.C. § 203(s)(1)(A)(ii).

At the motion hearing, Defendants stated that the corporate accountant had just advised them that the gross revenue of Sip & Bite Restaurant, Inc. for 2012 was in excess of $500,000.

Therefore, the instant motion was withdrawn as to 2012 and later periods, but not for periods prior to 2012.[1]

It is apparent that there are factual questions presented with regard to the $500,000 threshold at issue.  The parties debate whether Plaintiffs must prove that the $500,000 threshold was met as a jurisdictional prerequisite to their pre-2012 FLSA claims or as an element of those claims.  It appears that judges in several cases in this district have treated the issue as jurisdictional – possibly without having been presented with pertinent appellate decisions.  In any event, in light of the Supreme Court decision in Arbaugh v. Y & H Corp., 546 U.S. 500 (2006) and the First Circuit decision in Chao v. Hotel Oasis, Inc., 493 F.3d 26 (1st Cir. 2007), this Court concludes that the issue is not jurisdictional.  Thus, the instant motion, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure shall be denied on procedural grounds.

---

[1]  Additionally, after Defendants' filed their dismissal motion, the Plaintiffs filed the Amended Complaint [Document 11], which eliminated Olymbos Properties, LLC and George Vasiliades as named defendants.  Hence, the arguments in the dismissal motion related to those defendants in particular are moot.

Accordingly Defendants' Motion to Dismiss [Document 10] is DENIED WITHOUT PREJUDICE to the Defendants' ability to contend at trial that Plaintiffs failed to prove the gross revenue element of their FLSA claims.

SO ORDERED, this Monday, August 12, 2013.

/s/<br>
Marvin J. Garbis<br>
United States District Judge