## IN THE U.S. DISTRICT COURT OF MARYLAND
## FOR DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Stephanie A. Selby** | * | |
| 921 Armistead Way | | |
| Baltimore, Maryland 21205 | * | |
| | | |
| **Ashley M. Selby** | * | |
| 921 Armistead Way | | |
| Baltimore, Maryland 21205 | * | |
| | | |
| **Krystal L. Black** | * | |
| 2614 Hampden Avenue | | |
| Baltimore, Maryland 21211 | * | |
| | | |
| **Russell W. Scheerer** | * | |
| 134 N. Bradford Road | | |
| Baltimore, Maryland 21224 | * | |
| | | |
| and | * | |
| | | |
| **Julie Modrzyk** | * | |
| 5100 Wright Avenue | | |
| Baltimore, Maryland 21205 | * | |
| | | |
| Together, "Plaintiffs" | * | |
| | | |
| v. | * | Case No. MJG-13-1531 |
| | | |
| **Sip & Bite Restaurant, Inc.** | * | |
| (t/a "Sip & Bite") | | |
| 2200 Boston Street | * | |
| Baltimore, Maryland 21231 | | |
| | * | |
| a Maryland Corporation | | |
| | * | |
| **Anthony Vasiliades** | | |
| c/o Sip & Bite | * | |
| 2200 Boston Street | | |
| Baltimore, Maryland 21231 | * | |
| | | |
| and | * | |

Page **1** of **11**

| | |
|---|---|
| **Sofia Vasiliades** | * |
| c/o Sip & Bite | |
| **2200 Boston Street** | * |
| **Baltimore, Maryland 21231** | |
| | * |
| **Together, "Defendants"** | |
| _____/ | |

## SECOND AMENDED COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT FOR MONEY DAMAGES

Plaintiffs, Stephanie A. Selby, Ashley M. Selby, Krystal L. Black, Russell W. Scheerer, and Julie Moldrzyk through undersigned counsel, state a complaint against Defendant Sip & Bite Restaurant, Inc., Anthony Vasiliades, and Sofia Vasiliades, ("Defendants"), who together are individually and jointly liable under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and are likewise liable under a supplemental state law claim arising under Maryland's Wage and Hour Law, Md. Ann. Code LE art. 3-401 *et seq.* ("MWHL"), and demand a jury trial, as follows:

### Introduction, Venue, and Jurisdiction

1. This is a lawsuit brought by Plaintiffs who worked at Defendant's "Sip & Bite," a well-known diner located in the Canton neighborhood of Baltimore City, Maryland. Plaintiffs allege that Defendants willfully violated very clear and well-established minimum wage and/or overtime provisions of the FLSA. Similarly, Plaintiffs allege that the Defendants violated the minimum wage provisions of the MWHL.

2. In addition to actual sums owed, Plaintiffs seek liquidated (statutory) damages pursuant to the FLSA, pre-judgment interest on all amounts owed under the MWHL, and attorneys' fees and costs as provided under the FLSA and the MWHL.

3. Defendant Sip & Bite Restaurant, Inc. is a corporate entity doing business as "Sip & Bite." Defendant Sip & Bite serves food and beverages to its patrons in a neighborhood diner

like atmosphere. Defendant Sip & Bite Restaurant, Inc. is a corporate entity doing business as the "Sip & Bite." Upon information and belief, Defendant Sip & Bite Restaurant, Inc. is the corporate entity who serves as the operator of the Sip & Bite. Defendant Sip & Bite Restaurant, Inc. is the corporate entity who serves as the operator of the "Sip & Bite." Defendant Sip & Bite Restaurant, Inc. is owned by Defendant Anthony Vasiliades, and operated by Defendants Anthony and Sofia Vasiliades.

4. Plaintiff Stephanie Selby worked at the Sip & Bite for approximately eight years up until May 17, 2013 as a server. Plaintiff Stephanie Selby received no wages whatsoever from the Defendants for her work, except for a single payment of $59.00. On information and belief, Defendants paid certain payroll taxes on behalf Plaintiff Stephanie Selby based on income which was never received by Plaintiff Stephanie Selby.

5. Plaintiff Ashley Selby, who is the younger sister of Plaintiff Stephanie Selby, worked at Sip & Bite for approximately four years (beginning when she was fourteen years old) as a bus person/server up until May 23, 2013. Plaintiff Ashley Selby received no wages whatsoever from the Defendants for her work

6. Plaintiff Krystal Black worked on and off at Sip & Bite as a server for many years, and most recently worked from late 2010 through June, 2013. Plaintiff Krystal Black received no wages from the Defendants for any work performed prior day shift in August, 2012. Defendant Anthony Vasiliades met with Plaintiff Krystal Black when she transferred from the overnight shift to the day shift and told her that Sip & Bite was being sued for unpaid wages. Thereafter, Plaintiff Black began receiving sporadic payments (in both cash and checks), but was never paid for all of the hours that she worked. On information and belief, Defendants paid certain payroll taxes on behalf Plaintiff Krystal Black based on income which was never received by Plaintiff

Krystal Black.

7. Plaintiff Russell Scheere was employed as the doorman/bus person for approximately twenty years. Plaintiff Russell Scheere was paid $20.00 in cash for working the overnight shift, but was never paid rate required by Federal law for all of the hours that he worked.

8. Plaintiff Julie Moldrzyk worked at Sip & Bite for approximately four months beginning in November, 2012 as a server. Plaintiff Julie Moldrzyk received no wages from the Defendants for her work except for a single check of approximately $76.00.

9. At all times material herein, the corporate Defendant had annual gross volume of sales made or business done in an amount exceeding $500,000.00. For example, according to Plaintiff Stephanie Selby, who usually the worked from 10:45 p.m. to 7:45 a.m. on the "overnight" shift with one or two other servers, the Sip & Bite uses an old-fashioned manual cash register. Most of the checks were paid with cash. However, the end of shift reports would list *credit card sales* for each shift. For the *overnight shift alone*, credit card sales fluctuated between $2,000.00 and $6,000.00 *per overnight shift*, depending on how busy the restaurant was, but are generally around $4,000.00 *per overnight shift*. When Ms. Selby worked on other shifts, the credit card sales were also within that same range ($2000.00 to $6,000.00 per shift). In addition, the Sip & Bite had other sources of cash income – they received cash from one or more poker machine(s) in the restaurant. Customer deposited money into a machine, and if they won, they would be paid in cash from the cash register. Based simply on the overnight shift's credit card sales *alone*, the corporate Defendant had annual gross volume of sales made or business done in an amount exceeding $1,456,000.00.

10. Defendant Anthony Vasiliades is the owner and an officer of the Defendant Sip & Bite Restaurant, Inc. Defendant Anthony Vasiliades is assigned all bookkeeping and scheduling

functions. Defendant Anthony Vasiliades supervises the administration of the business, including the scheduling of servers for work. Upon information and belief, he receives dividends from Defendant Sip & Bite Restaurant, Inc. Defendant Anthony Vasiliades has actively engaged in the management and direction of employees, including the Plaintiffs, and has possessed and exercised authority and discretion to fix, adjust, and determine hours worked with respect to employees at Defendant Sip & Bite Restaurant, Inc., including the Plaintiffs. Upon information and belief, Defendant Anthony Vasiliades has custody and control of business records and is responsible for maintaining those records. At all times material herein, Defendant Anthony Vasiliades is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the MWHL, Md. Ann. Code, LE art. 3-401(b), and thus, Defendant Anthony Vasiliades is jointly and individually liable under for damages to the Plaintiffs arising under the FLSA, and the MWHL.

11. Defendant Sofia Vasiliades operates the Sip & Bite diner along with her husband, Anthony Vasiliades. Defendant Sofia Vasiliades directs the work of servers, and has the power to call servers, like the Plaintiffs, into the restaurant to serve when business conditions require. Defendant Sofia Vasiliades is involved in assisting Defendant Anthony Vasiliades operate the Sip & Bite Restaurant, and is involved in supervision at every level. Defendant Sofia Vasiliades, on occasion, asked Plaintiffs and other servers to cover cash register shortages with their own cash tips. At all times material herein, Defendant Sofia Vasiliades, who had the power to (and did) direct the work of the Plaintiffs, is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the MWHL, Md. Ann. Code, LE art. 3-401(b), and thus, Defendant Sofia Vasiliades is jointly and individually liable under for damages to the Plaintiffs arising under the FLSA, and the MWHL.

12.     Defendant Sip & Bite Restaurant, Inc. is a single enterprise employer, and has at least two or more employees who are engaged in commerce, produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce.  For instance, there are employees of the Defendants who negotiate and purchase food from producers and suppliers who operate in interstate commerce.  There are employees who cook, serve, and otherwise handle this food, as well as alcoholic beverages, that cross interstate and even international boundaries.  There are employees who regularly use wire and electronic means of communicating interstate, including the Plaintiff and other similarly situated servers, who also regularly sell food that has moved in interstate commerce, and who regularly process credit card transaction for customer payments.  There are employees who use, in the Defendants' restaurant, cleaning products, dishes, tools, utensils, napkins, menus, signage, among other items, that have moved in interstate commerce.  Accordingly, subject matter jurisdiction exists because the Plaintiffs are employed by the Defendants, a single covered enterprise, which satisfies the enterprise coverage provisions under the FLSA.  Defendants also satisfy the coverage provisions of the MWHL.  As a single enterprise, Defendants have been at all times material herein an "employer" within the meaning of the FLSA and MWHL.

13.     Venue is proper.

14.     This Court has subject matter jurisdiction to hear these FLSA claims and may exercise supplemental jurisdiction over the MWHL claims.

## Factual Allegations

15.  Plaintiff Stephanie Selby worked as a server for approximately eight years.  Plaintiff Krystal Black worked on and off as a server for many years and, most recently, worked from late 2010 to June, 2013.  Plaintiff Ashley Selby worked as a bus person/server for approximately four years;

she routinely worked the overnight shift and served alcoholic beverages at Sip & Bite beginning when she was fourteen (14) years old. Plaintiff Julie Moldrzyk worked as a server for approximately four months beginning in November, 2012. Plaintiffs Stephanie Selby, Krystal Black, Ashley Selby, and Julie Moldrzyk took food/beverage orders from guests of the Sip & Bite restaurant and/or bused tables throughout their employment. Plaintiff Russell Scheere was employed as the doorman/bus person at the Sip & Bite restaurant for approximately twenty years up until October, 2013. He managed the door, controlled the crowds and broke up fights on the overnight shift, and would assist the servers by busing tables.

16. Plaintiffs were not exempt under the FLSA's minimum wage and overtime requirements, and were not exempt from the MWHL's minimum wage requirements.

17. At various times, Plaintiff Stephanie Selby worked in excess of a forty hour workweeks, and was generally required to work every holiday in addition to her regular shifts.

18. Defendant Sip & Bite Restaurant has been sued on numerous occasions in the Circuit Court for Baltimore City by former employees to recover unpaid wages. In 2012, Patricia Brager, another server who was not paid any wages by the Defendants over several years of work sued the Defendants for unpaid minimum wages and overtime compensation under the FLSA in the United States District Court for the District of Maryland, Case No1:12-cv-01832-RDB. Following the filing of that lawsuit, Defendants began giving non-negotiable vouchers to some of the servers, including Plaintiff Stephanie Selby, which they were not able to cash or otherwise negotiate. Instead, the servers were told that they had to sign the non-negotiable vouchers if they wanted to keep their jobs, but were not given any cash or other compensation for the vouchers. Plaintiff Stephanie Selby was required to sign all of the vouchers and did not receive any cash or other compensation in exchange for the vouchers. Plaintiff Krystal Black

received no wages from the Defendants for any work performed prior day shift in August, 2012. Defendant Anthony Vasiliades met with Plaintiff Krystal Black when she transferred from the overnight shift to the day shift and told her that Defendants were being sued for unpaid wages. Thereafter, Plaintiff Black began receiving sporadic payments (in both cash and checks), but was never paid for all of her hours worked. These practices were implemented by the Defendants as part of a fraudulent scheme by the Defendants to cover-up their intentional, willful and on-going violations of the FLSA and MWHL. On information and belief, Defendants paid certain payroll taxes on behalf Plaintiffs Stephanie Selby and Krystal Black based on income which was never received by Plaintiffs Stephanie and Black.

19. Plaintiff Ashley Selby was never paid anything by the Defendants. Plaintiff Ashley Selby was never given any paychecks (even ones which could not be cashed) because, on information and belief, she was a minor (until recently turning 18) serving alcoholic beverages in violation of State law. Plaintiff Russell Scheere was paid $20.00 in cash for each overnight shift. The servers, including Plaintiff Stephanie Selby, were instructed to give Plaintiff Scheerer the $20.00 out of the cash register and to place a payment receipt in the cash register. Plaintiff Julie Moldrzyk was told that she would be working for tips only when she was hired by Defendant Anthony Vasiliades in November, 2012, and was not paid anything by the Defendants except for a single check of approximately $76.00 in 2013.

20. Defendants have violated Plaintiffs' right to be paid the full minimum wage. While the FLSA allows employers to pay less than minimum wage to employees who receive tips, 29 U.S.C. § 203(m), the employer must still pay at least $2.13/hour under the FLSA and $3.63/hour under the MWHL. In addition, the employer must also inform the employee that it will take a tip credit. Defendants did not comply with the requirements of 29 U.S.C. § 203(m) and Md. Ann

Code LE art. § 3-419.

## Causes of Action

### COUNT I
### (FLSA - Failure to Pay Minimum Wage)
### (All Plaintiffs v. All Defendants)

21.     Plaintiffs incorporate paragraphs 1-20 as set forth above, and state that Defendants' actions complained of herein constitute a willful violation of 29 U.S.C. § 206 (minimum wage), because Defendants at all times during the Plaintiffs' employment, failed to pay the Plaintiffs the proper minimum wage rate, free and clear.

22.     As a result, Plaintiffs have the legal right to receive the full minimum wage, as required by Federal law and applicable Federal regulations.

### COUNT II
### (FLSA - Failure to Pay Overtime)
### (Plaintiff Stephanie Selby v. All Defendants)

23.     Plaintiff Stephanie Selby incorporates paragraphs 1-22 as set forth above, and states, in addition, that Defendants' actions complained of herein constitute a violation of Section 207 of the FLSA, because Defendants failed to pay the Plaintiff an overtime wage of at least 1 ½ times the applicable minimum wage, for certain statutory work weeks, and as a result, Plaintiff did not receive overtime pay, as required by Section 207 of the FLSA, 29 U.S.C. § 207.

### COUNT III
### (Maryland Wage/Hour Law - Failure to Pay Minimum Wage)
### (All Plaintiffs v. All Defendants)

24.     Plaintiffs incorporate paragraphs 1-23 as set forth above, and state that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE art. § 3-413 (minimum wage), because Defendants at all times during the Plaintiffs' employment, failed to pay the

Plaintiffs the proper minimum wage rate, free and clear.

25. As a result, Plaintiffs have the legal right to receive the full minimum wage, as required by Maryland law and applicable Maryland regulations.

## **Prayer**

Based on the foregoing allegations, Plaintiffs respectfully request that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a) Order Defendants to pay Plaintiffs all unpaid minimum wage payments and overtime premiums determined by the Court to be due and owing, under the FLSA (and under the Maryland Wage/Hour law), as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments and overtime premiums awarded to Plaintiffs;

(c) Award Plaintiffs their attorneys' fees and costs in pursuing this action;

(d) Award Plaintiffs interest on any sums determined due and owing from Defendants, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(e) Grant Plaintiffs any additional relief that the Court deems appropriate and just.

Respectfully submitted,

*/s/ (with permission)*  
Howard B. Hoffman, Esq.  
Federal Bar No. 25965  
600 Jefferson Plaza, Ste. 304  
Rockville, Maryland 20852  
(301) 251-3752  

*/s/ Bradford W. Warbasse*  
Bradford W. Warbasse, Esq.  
Federal Bar No. 07304  
401 Washington Avenue, Ste. 200  
Towson, Maryland 21204  
(410) 337-5411

*Counsel for Plaintiffs*                    *Counsel for Plaintiffs*

## **Jury Demand**

The Plaintiffs, by their attorneys, hereby demand a jury trial as to all issues triable by a jury.

*/s/ Bradford W. Warbasse*
Bradford W. Warbasse, Esq.