**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| STEPHANIE A. SELBY, et al. | * | |
| Plaintiffs, | * | |
| v. | * | Case No.  MJG-13-1531 |
| SIP & BITE RESTAURANT, INC., et al. | * | |
| Defendants. | * | |

* * * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiffs filed a Motion to Compel the Defendants to Respond to Written Discovery and for Sanctions [ECF No. 30] against Defendants Sip & Bite Restaurant, Inc. ("Sip & Bite") and Anthony Vasiliades. This case has been referred to me by Judge Garbis to resolve discovery disputes and related scheduling matters. [ECF No. 25]. I have considered Plaintiffs' motion, Defendants' response, and the reply thereto. [ECF Nos. 30, 33, 34]. No hearing is deemed necessary. Loc. R. 105.6 (D. Md. 2011). For the reasons stated herein, Plaintiffs' motion will be granted in part and denied in part.

**I.  Background**

Plaintiff Stephanie A. Selby served Interrogatories and Requests for Production of Documents to Defendant Sip & Bite on August 16, 2013 and August 23, 2013, respectively. Pls.' Mot. 1. Plaintiff Ashley M. Selby submitted Interrogatories to Defendants Sip & Bite, Anthony Vasiliades, and Sophia Vasiliades,[1] on August 23, 2013. *Id.* Defendants responded to all discovery requests on October 11, 2013. *Id.* On October 23, 2013, the parties met at

---

[1] Sophia Vasiliades was terminated from the case on November 20, 2013.

Defendants' counsel's office in an attempt to resolve discovery issues. Pls.' Mot. 1-2. Counsel for Plaintiffs accepted Defendants' request for a ten-day extension to supplement their responses to Plaintiffs' discovery requests. Pls.' Mot. 2. On October 25, 2013, counsel for Plaintiffs sent a letter to Defendants' counsel to further address discovery disputes and to schedule depositions. Pls.' Mot. 2; *see also* Pls.' Mot. Ex. D. Plaintiffs' counsel then left a telephone message inquiring about the status of the discovery disputes on November 4, 2013, but did not receive a response. Pls.' Mot. 2. On November 5, 2013, Plaintiffs' counsel sent an e-mail to Defendants' counsel, regarding the unreturned phone call and letter, but again did not receive a response. Pls.' Mot. 2. On November 10, 2013, Plaintiffs' counsel sent a second e-mail to Defendants' counsel, to which Defendants' counsel responded by informing Plaintiffs' counsel of his availability to discuss the ongoing discovery issues on November 14, 2013. Pls.' Mot. 2. The parties were unable to resolve their discovery disputes on that date, and Plaintiffs' counsel filed the instant motion.

    **II.**    **Analysis**

    **A. Interrogatories**

Interrogatories may relate to any nonprivileged matter that is relevant to any party's claims or defenses. *See* Fed. R. Civ. P. 33(a)(2). Each interrogatory, to the extent not objected to, must be "answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Objections to interrogatories "must be specific, non-boilerplate, and supported by particularized facts where necessary to demonstrate the basis for the objection." *Lynn v. Monarch Recovery Mgmt., Inc.*, Civil No. WDQ-11-2824, 2012 WL 2445046, at *2 (citing *Hall v. Sullivan*, 231 F.R.D. 468, 470 (D. Md. 2005)); *see* Fed. R. Civ. P. 33(b)(4). Unless good cause is shown, a

party waives its objections if the grounds for the objections are not stated with specificity.  *Lynn*, 2012 WL 2445046, at *2 (citing Fed. R. Civ. P. 33(b)(4)).

### 1. Plaintiff Stephanie Selby's Interrogatories

#### a. Interrogatories # 1 & 3

Plaintiff Stephanie Selby's Interrogatory # 1 asks Defendant Sip & Bite "[w]ith respect to each Plaintiff, please state their … (b) dates worked, (c) hours scheduled for each day and week of work, (d) hours actually worked for each day and week of work . . . ."  Pls.' Mot. Ex. A.  Sip & Bite responded by providing the start date for Plaintiff Stephanie Selby and her general work schedule.  *Id.*  Sip & Bite also stated that Stephanie Selby's pay will be "reflected in the payroll documents that are being produced."  As to Plaintiff Ashley Selby, Sip & Bite responded by stating that she "began working in 2013 and she generally worked one day a week on Sunday. She worked approximately one month and then quit in May 2013."  *Id.*

Plaintiff Stephanie Selby's Interrogatory # 3 asks Sip & Bite to identify all documents relating to dates of employment, payment amounts, and methods of accounting payments, including payroll records and similar documents, for each Plaintiff.  Pls.' Mot. Ex. A.  Sip & Bite provided the Plaintiffs' wages and the general method of accounting payments, but indicated that "[p]ayroll records related to the payment to Plaintiffs are being produced pursuant to requests for documents."  *Id.*  Defendants claim they also responded to these Interrogatories by providing the Plaintiffs' paystub information, "indicating their rates of pay." Defs.' Resp. 2.

It is unclear whether Sip & Bite has produced the requested payroll documents.  Plaintiffs claim that, "[d]efendant has failed to produce any documents containing the requested information." Pls.' Reply 3.  If Sip & Bite has provided the payroll records, then, to the extent that those records do not reflect the precise hours that Plaintiffs worked, Sip & Bite should

supplement its response with the dates and hours each Plaintiff worked, according to its records. Additionally, it seems that Sip & Bite did not provide the exact dates of employment for Ashley Selby. Sip & Bite should supplement its response to Interrogatory 3 by identifying documents which indicate the start and end dates for Ashley Selby.

### b. Interrogatory # 10

Plaintiff Stephanie Selby's Interrogatory # 10 asks Sip & Bite to identify its past and present employees as of January 1, 2010. Pls.' Mot. Ex. A. Plaintiffs claim that Sip & Bite has failed to identify all of the present and past employees during the relevant time period in the manner defined in "Definition 4." Pls.' Mot. 3. However, Plaintiffs have failed to submit any documents to the Court, which contain "Definition 4." According to the reproduced version of the question in Defendants' response, it appears that Sip & Bite has provided a list of employees, but has failed to indicate whether the listed individuals are present or former employees. Sip & Bite should supplement its response by indicating each individual's employment status. Furthermore, if Sip & Bite is aware of any additional employees that were not included in the original response, as Plaintiffs contend, then Sip & Bite should provide those names.

### c. Interrogatory # 12

Plaintiff Stephanie Selby's Interrogatory # 12 requests information supporting Sip & Bite's contention that it informed Plaintiffs of provisions set forth under 29 U.S.C. § 203(m) and, or Md. Ann. Code Lab. & Empl. § 3-419. Specifically, Plaintiff Stephanie Selby requests "all materials facts [sic] supporting such contention," including what manner the provisions were explained, who told Plaintiffs of these provisions, what information was conveyed to each Plaintiff, and "any documents relied upon or referred to, in conveying this information." Pls.' Mot. Ex. A. Sip & Bite's response was "[s]ee Answer to Interrogatory No. 11." *Id.*

Sip & Bite's answer to Interrogatory No. 11 does not sufficiently respond to the subparts of Interrogatory No. 12. Specifically, Sip & Bite's answer does not include who advised Plaintiffs of the wage requirements, and what information was conveyed about the overtime and wage laws, including whether any documents were relied upon during the conversations with Plaintiffs about the wage and overtime requirements. Therefore, Sip & Bite must supplement its response to include who told Plaintiffs about the wage and overtime requirements, and whether any documents were relied on during those conversations.

### d. Interrogatory # 15

Plaintiff Stephanie Selby's Interrogatory # 15 requests information about "every document, notice and/ or poster," which Sip & Bite contends was posted in the restaurant that, "refers or relates to the minimum wage under federal or state law and/ or the provisions of 29 U.S.C. § 203 (m)….". Pls.' Mot. Ex. A. Specifically, Plaintiff Stephanie Selby is seeking the location of the posters, the individual responsible for posting and updating the posters, and information demonstrating how each poster was obtained. *Id.* Sip & Bite's response to the interrogatory was that it has a poster from the U.S. Department of Labor, and that, "[a] copy of that poster will be produced pursuant to the request for documents." *Id.*

Plaintiffs contend that Sip & Bite failed to answer Interrogatory 15 subsections (a), (b), and (c), and "that an incomplete answer or an improper objection will be treated as a failure to respond." Pls.' Mot. 4. Sip & Bite's response that the U.S. Department of Labor's Fair Labor Standards Act poster is at the restaurant does not sufficiently answer this interrogatory. Sip & Bite should respond to this interrogatory by indicating: (1) the location of each poster within the restaurant, (2) the individual responsible for posting and updating such posters, and (3) whether there are any documents with information about how the posters were obtained.

### e. Interrogatory # 22

Plaintiff Stephanie Selby's Interrogatory # 22 requests Sip & Bite to "[d]escribe in detail any lawsuit, government investigation, administrative charge or complaint, or written or oral complaint," that it has been involved in relating to unpaid wage claims during the past ten years. Pls.' Mot. Ex. A. For each matter identified, Plaintiff Stephanie Selby requests Sip & Bite to provide in its answers additional identifying information, such as the name of the court or government agency where the case was filed and decided, the case number, the date the case was filed, the nature and outcome of the case, and the attorneys for both parties. *Id.* Sip & Bite responded that it has "not been subject to any government investigation, administrative charge complaint relating to unpaid wages other than a lawsuit filed by Patricia Brager," which was settled in 2013. *Id.*

Plaintiffs contend that this information is "incomplete and untrue," as Plaintiffs believe that Sip & Bite has been "sued many times for unpaid wages." Pls.' Mot. 4. Plaintiffs included evidence in their reply, which indicates that Sip & Bite has been involved in three lawsuits concerning wage disputes after 2003. Pls.' Reply Ex. 1. Sip & Bite should supplement its response to Interrogatory # 22 by including the requested identifying information about the Brager lawsuit, and the requested identifying information for the additional lawsuits acknowledged in Plaintiffs' Reply Exhibit 1.

### f. Interrogatory # 23

Plaintiff Stephanie Selby's Interrogatory # 23 requests a description of products and goods sold by Sip & Bite, specifically the wholesale or retail price of the goods, the supplier of the goods, where the goods were manufactured, and how the supplier "transports any such products or goods to the Sip & Bite Restaurant, Inc., and the transportation route that each

produce or good takes to reach the Sip & Bite Restaurant, Inc." Pls.' Mot. Ex. A. Sip & Bite responded that, "all of their products and goods are purchased from Cedar Farms and Ray's Enterprises," and Sip & Bite attached a copy of its menu, which demonstrates the retail price of the goods. *Id.* Plaintiffs contend that this answer is, "completely non-responsive," and "fails to identify Cedar Farms and Ray's Enterprises as required by Definition 4." Pls.' Mot. 4. As stated above, the Court does not have before it the requirements for identification under Definition 4. Sip & Bite states that it is willing to provide the address and contact information for Cedar Farms and Ray's Enterprises. Defs.' Opp. 4. Accordingly, Sip & Bite should provide the address and contact information for these suppliers, if it has not done so already. In addition, Sip & Bite should supplement its response to address Plaintiff's other requests, including the transportation routes of the manufactured goods.

   2. **Plaintiff Ashley Selby's Interrogatories**

      a. **Interrogatory # 8**

Plaintiff Ashley Selby's Interrogatory # 8 requests Defendants to identify which credit card processing companies Sip & Bite received payments from in 2010 and 2011, and all related records and documents regarding these credit card payments. Pls.' Mot. Ex. C. Plaintiffs contend that Defendants' response, which identified the names of two credit card processing companies, did not identify these companies "as required by Definition 4," and the response fails to identify the related records. Pls.' Mot. 5. In order to establish a wage violation pursuant to the Fair Labor Standards Act ("FLSA"), Plaintiffs must demonstrate that Sip & Bite's gross annual sales for the years in question were more than $500,000. *See* 29 U.S.C. § 203 (s)(1)(A)(i) (requiring Plaintiffs to demonstrate employer was a "covered enterprise" with $500,000 in gross annual sales). Plaintiffs' request for Defendants to identify documents related to credit card sales

information is relevant to Plaintiffs' discovery of Sip & Bite's gross annual sales for 2010 and 2011. *See* Pls.' Reply 1-2, 4.

As stated above, Plaintiffs have not provided the Court with the requirements of Definition 4. However, the information that Plaintiff Ashley Selby requests is relevant to the contested issues in this case. Therefore, Defendants should identify the relevant documents and provide the contact information for the identified credit card companies. Fed. R. Civ. P. 33(a)(2); Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.").

### b. Interrogatory # 9

Plaintiff Ashley Selby's Interrogatory # 9 asks Defendants to state the total amount of monies received from credit card processing companies "during each calendar quarter in 2010 and 2011." Pls.' Mot. Ex. C. Defendants simply responded they would produce the relevant documents to answer this question. *Id.* Plaintiff Ashley Selby contends Defendants have neither produced the documents nor "[identified] the actual documents where the information will be found." Pls.' Mot. 5-6. Defendants submit that their production of Sip & Bite's federal and state tax returns for 2010 and 2011 satisfies this request. Defs.' Opp. 6. Plaintiffs intend to demonstrate that Sip & Bite's tax returns do not accurately reflect their gross annual sales, and that Sip & Bite does meet the $500,000 requirement for the years in dispute. Pls.' Reply 4. As stated above, the amount of total credit card sales is relevant to this inquiry, and Defendants should respond to this interrogatory by stating the amount requested.

### c. Interrogatory # 10

Plaintiff Ashley Selby's Interrogatory # 10 asks Defendants to "identify all persons or entities that owned, operated or received any monies form [sic] all video poker machines in the Sip & Bite Restaurant in 2010 or 2011, and all records or documents which refer or relate to such machines." Pls.' Mot. Ex. C.  Defendants' response identified the company that owned vending machines in Sip & Bite, and Defendants also stated that they did not receive any money "as a result of the placement of video poker machines in the restaurant."  Defs.' Opp. 6.

Defendants have not fully responded to Plaintiff Ashley Selby's request, as they have not identified whether any such documents, relating to the video poker machines, exist. If Defendants had an objection to this request, they should have clearly stated so in their response to the Interrogatory.  *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity.").  Plaintiffs further contend that Defendants have failed to provide the information required by "Definition 4."  Again, Plaintiffs have not provided the Court with the exact language of Definition 4.  However, to the extent that Defendants are aware of the requirements of Definition 4, they should supplement their response to provide such information for Columbia Vending.  Additionally, Defendants should identify any document that sets forth the video poker machine rental agreement, if any, between Sip & Bite and Columbia Vending.

### B. Document Requests

All document requests must seek information within the scope of permissible discovery. Fed. R. Civ. P. 34(a). The Federal Rules of Civil Procedure permit parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  For good cause, "the court may order discovery of any matter relevant to the subject

matter involved in the action." *Id.* The relevant information sought "need not be admissible at…trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Additionally, the Federal Rules require that "all permissible discovery must be measured against the yardstick of proportionality." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010). This Court must limit discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

### 1. Document Request # 10, # 11

Plaintiff Stephanie Selby's Document Request # 10 seeks documents relating to payments that Sip & Bite received from all credit card processing companies for purchases made by its customers, including "all contracts/agreements with credit card processors or issuers, internet purchase, invoices/bills, and/or rebate payments . . . received in 2010 or 2011." Pls.' Mot. Ex. B. Plaintiff Stephanie Selby's Document Request # 11 seeks documents "which refer or relate to any credit card sales made by Sip & Bite," such as credit card sales reports. *Id.*

In response to these requests, Sip & Bite submitted its 2010 and 2011 federal and state income tax returns, stating that these documents provided the total credit card sales amount for those years. Defs.' Reply 4. As explained above, information related to whether Sip & Bite's "annual gross volume of sales made or business done" is $500,000 or more is relevant to Plaintiffs' case, and is therefore discoverable. 29 U.S.C. § 203 (s)(1)(A)(i-ii). Plaintiffs dispute whether the amounts claimed in the tax returns are accurate, and are entitled further discovery to

determine the merits of their claim.  Therefore, to the extent that the requested documents are available, Sip & Bite should produce these documents for Plaintiffs to review.

### 2. Document Request # 12

Plaintiffs contend that Sip & Bite failed to produce the poster as requested by Document Request # 12, and that Sip & Bite's response promising to produce the document at a future date should be treated as a failure to respond.  Pls.' Reply 2.  Sip & Bite has already provided Plaintiffs with the location of the poster.  Therefore, it is not a burdensome request for Sip & Bite to actually produce the poster, or an image thereof.  Sip & Bite should produce the poster and any additional documents, pertaining to how the poster was obtained, if such documents exist.

### 3. Document Request # 13

Document Request # 13 provides:

> For all periods of time in which you contend that you had less than $500,000.00 in gross sales, please produce all documents which refer or relate to the amount of gross sales by Sip & Bite Restaurant, Inc., including but not limited to: (i) daily cash register tapes, including credit card sales, credit card tips, cash sales in total; (ii) deposit slips; (iii) credit card and house account charge slips; (iv) daily operating reports; (v) bank statements for all checking and savings accounts; (vi) bank reconciliation statements and forms; (vii) daily, weekly, and annual inventory reports of food, liquor, beer, and wine; (viii) documents demonstrating all equipment and material purchases (include copy of invoices); (ix) purchase recap and unpaid bill recap; (x) payroll summary reports; (xi) any and all monthly and quarterly tax returns; (xii) books of original entry including cash receipts journal; sales journal; general ledger; and working trial balance; (xiii) monthly financial statements including income statement, balance sheet(s) cash flow statement(s), and changes in financial position; (xiv) loan and credit card applications, along with any supporting materials; (xv) daily, quarterly and annual employee sales and tip reports; and (xvi) any and all documents showing standard costs and sales price for each item sold by you.

Pls.' Mot. 5.  I find that several of the documents requested are duplicative.  Sip & Bite should provide Plaintiff with the following documents, which are outlined in Document Request # 13: (v) bank statements for all checking and savings accounts; (vii) annual inventory reports only of food, liquor, beer and wine; (x) payroll summary reports; (xi) quarterly tax returns only; (xii) books of original entry including cash receipts journal, sales journal, general ledger, and working trial balance; (xiii) monthly financial statements, including income statement, balance sheet(s), cash flow statement(s), and changes in financial position; (xv) quarterly and annual employee sales and tip reports only; (xvi) any and all documents showing standard costs and sales price for each item sold.  All other documents requested in Document Request # 13 are denied as duplicative, in light of the discovery granted.

### 4. Document Request # 14

Plaintiff Stephanie Selby's Document Request # 14 seeks "any and all [copies] of [Sip & Bite's] checking, savings, and brokerage account statements for the period since January 1, 2010."  Pls.' Mot. 5.  This request is duplicative of information sought in Plaintiff Stephanie Selby's Document Request # 13.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  The information that would be reflected in checking, savings, and brokerage account statements will be reflected in bank statements for all checking and savings accounts, and monthly financial statements, both of which Plaintiffs are entitled to discover pursuant to Document Request # 13.  Therefore, Plaintiffs' request of such documents is denied.

### 5. Document Request # 16

Plaintiff Stephanie Selby's Document Request # 16 seeks documents identifying all shareholders and officers of Sip & Bite Restaurant, Inc.  *See* Pls.' Mot. Ex. B.  Sip & Bite responded that it has produced documents providing this information.  Defs.' Opp. 5.   It is

unclear whether these documents have in fact been produced. As Sip & Bite has already indicated a willingness and ability to produce these documents, Sip & Bite should produce the documents, if it has not done so already.

### 6. Document Request # 22

Document Request # 22 seeks documents relating to the video poker machines at Sip & Bite, such as records of payments to winners or monies received from the operation of the machines, and any rental or leasing agreement with the owner of the machines. Pls.' Mot. Ex. B. Sip & Bite answered that, "it has no documents responsive to this Request." Pls.' Mot. Ex B. Plaintiffs seek confirmation that there are no documents which "refer or relate to the machines, including any rental, lease or other agreements with the owner of the machine(s)." Pls.' Reply 3. While Plaintiffs have a right to discover any relevant information, the Court will not sanction a fishing expedition. Therefore, Plaintiffs must show a "colorable basis" for determining that "such a writing must exist." *Greenbelt Ventures, LLC v. Washington Metro. Area Transit Auth.*, 481 Fed. App'x 833, 837 n.* (4th Cir. 2012). In the absence of demonstrating such a colorable basis, this Court cannot order Sip & Bite to produce the documents requested. Accordingly, this request is denied.

### C. Deposition Scheduling Requests

Plaintiffs' counsel contends that he reached out numerous times to Defendants' counsel to schedule deposition dates. Pls.' Mot. 2, 6. It appears that there was a deposition scheduled in January, 2014, but due to extenuating circumstances, the scheduled deposition was cancelled. Defs.' Opp. 6. If depositions have not yet taken place, Defendants should respond to the request for deposition scheduling within five days of the date of this memorandum opinion.

**D. Sanctions**

Plaintiffs' counsel requests $800.00 in attorney's fees as a sanction for Defendants' failure to respond to discovery requests. Pls.' Mot. 8. Rule 37(b) of the Federal Rules of Civil Procedure governs a party's failure to comply with a court order. It requires a court to order a disobedient party, its attorney, or both, to "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Plaintiffs' counsel seeks two hours of compensation at an hourly rate of $400.00. *See* Pls.' Mot. 8. According to the Local Rules of this Court, $400.00 per hour is at the top of the range of attorney's fees available to attorneys who have been practicing for more than 15 years. It appears that counsel for Plaintiff qualifies for this rate.[2] I also find that the two hours expended in the drafting and filing of the motion to compel is reasonable. Therefore, I award Plaintiffs' counsel the $800.00 as requested. In finding the attorney's fee reasonable, I have considered the twelve factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978).[3] None of the factors warrant a downward adjustment of Plaintiffs' counsel's fee.

---

[2] Counsel for Plaintiffs stated that he graduated from Boston University School of Law in 1995, yet has been a member of the bar since December, 1985. *See* Pls.' Mot. 8. Plaintiffs' counsel obviously made a typographical error. However, even if this court were to assume that Plaintiffs' counsel was admitted to the bar in 1995, he would still qualify for a rate of $400.00, pursuant to this Court's Local Rules.

[3] Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to properly perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

The supplemental interrogatory responses and document productions ordered herein should be provided within 30 days of the date of this memorandum opinion. A separate order will follow.

Dated: February 12, 2014                                   /s/
                                                    Stephanie A. Gallagher
                                                    United States Magistrate Judge