IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEPHANIE A. SELBY, et al.          *

                Plaintiffs          *

              vs.          *   CIVIL ACTION NO. MJG-13-1531

SIP & BITE RESTAURANT, INC.,          *
et al.
             Defendants          *

*       *       *       *       *       *       *       *       *

<u>MEMORANDUM AND ORDER RE: LEGAL FEES</u>

The Court has before it Plaintiffs' Motion for Attorneys' Fees and Costs [ECF No. 80] and the materials submitted relating thereto.  The Court finds that a hearing is unnecessary.


I.   <u>BACKGROUND</u>

     A.   <u>There Shall be a Fee Award</u>

In this case, Howard B. Hoffman ("Hoffman"), Bradford W. Warbasse ("Warbasse") and Stephen J. Springer ("Springer") represented three Plaintiffs who recovered, by their acceptance of Offers of Judgment, a total of $116,000.[1]  The Orders of Judgment [ECF No. 77, 78, and 79] each provide that "[t]o the extent allowed, [Plaintiffs] may seek costs and Attorneys' fees as provided by law."

---

[1]   Two additional Plaintiffs accepted Offers of Judgment – totaling $9,000 – on December 22, 2014. [ECF Nos. 60, 61].

The instant case was brought pursuant to the Fair Labor
Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the
Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl.
§ 3-401 et seq.

The FLSA provides that "[t]he court . . . shall, in
addition to any judgment awarded to the plaintiff or plaintiffs,
allow a reasonable attorney's fee to be paid by the defendant,
and costs of action." 29 U.S.C. § 216(b).  The MWHL provides
that "[i]f a court determines that an employee is entitled to
recovery in an action under this section, the court shall award
to the employee . . . reasonable counsel fees and other costs."
Md. Code Ann., Lab. & Empl. § 3-427(d)(1)(iii).

There is no doubt that Plaintiffs were prevailing parties
against Defendants in the instant case.  Accordingly, the Court
shall award Plaintiffs a reasonable attorney's fee as part of
their costs.

    B.   <u>Amount of Award</u>

       1.   <u>The Hourly Rates</u>

The Court finds it appropriate to determine the fee award by
reference to counsel's reasonably necessary professional time and
a reasonable hourly rate.  See <u>Pennsylvania v. Delaware Valley
Citizens' Council for Clean Air</u>, 478 U.S. 546, 564-65 (1986);
<u>E.E.O.C. v. Service News Co.</u>, 898 F.2d 958, 965 (4th Cir. 1990).

Warbasse seeks an hourly rate of $425.  In the course of this case, however, Magistrate Judge Gallagher awarded Plaintiffs fees for two hours of Warbasse's professional time at the rate of $400 per hour. [ECF Nos. 37, 38].  The Court accepts this rate as reasonable and finds no reason to increase it.

Hoffman seeks an hourly rate of $325, and refers to awards for his professional time made by other Judges of this Court at a rate of $300 per hour in 2011 and 2012.  The Court finds a modest increase of $25 per hour reasonable in light of the time that has passed since the prior awards.

Springer seeks an hourly rate of $400 that is unopposed by Defendants.

## 2.  Determinations

The Court has considered Plaintiffs' claims, Defendants' objections, and Plaintiffs' reply.  The Court hereby determines that it shall:

- Correct Hoffman's arithmetic error.

- Disallow multiple lawyer billing for the same time by allocating the duplicative charged time among the billing lawyers.

- Not disallow one lawyer's billing for communications with co-counsel in the absence of duplicative billing.

- Disallow, as not necessary, the 2.5 hours of time charged for April 22, 2015 trial preparation.[2]

- Disallow fee petition time.

- Not disallow the claim for the expert witness fee.[3]

      3.   <u>The Award</u>

As detailed in the tables included in the Appendix attached hereto, the Court shall award the total amount of $125,389.19 as set forth herein.

| Attorney | Hours Claimed | Adjust-ment | Net | $/hour | Fee |
|----------|---------------|-------------|------|--------|-----|
| Hoffman | 73.6 | 20.5 | 53.1 | 325 | $ 17,257.50 |
| Springer | 100.5 | 2.2 | 98.3 | 400 | $ 39,320.00 |
| Warbasse | 156.9 | 9.05 | 147.85 | 400 | $ 59,140.00 |

Total Fees     $ 115,717.50

---

[2]     The letter Order of March 4, 2015 [ECF No. 70] stated that an April 13 settlement conference was scheduled and that, absent settlement, the Court would issue a Trial Scheduling Order leading to a trial commencing on June 11 or July 6.  It was not reasonably necessary for Plaintiffs' counsel ("Hoffman"), on April 22, in the absence of the Trial Scheduling Order, to devote 2.5 hours to review timing requirements and to begin to prepare voir dire questions, jury instructions, and the pretrial order.
[3]     Although referred to as a "cost," this expenditure is a "fee" and can be awarded as such.

```
        Costs[4]          $   9,671.69

                          _____

        Total Award     $ 125,389.19
```

III.  <u>CONCLUSION</u>

For the foregoing reasons:

    1.   Plaintiffs' Motion for Attorneys' Fees and Costs [ECF No. 80] is GRANTED in part.

    2.   Plaintiffs shall recover a total of $ 125,389.19 of fees and costs.

    3.   A Supplemental Judgment shall be issued herewith.

SO ORDERED, on <u>Monday, August 17, 2015</u>.

```
                    _____/s/_____
                        Marvin J. Garbis
                    United States District Judge
```

---

[4]  No adjustments have been made to Plaintiffs' claimed costs.

# **APPENDIX**

A.  Case Development:

| DATE | ADJUSTMENT | HBH | SJS | BWW |
|------|-----------|-----|-----|-----|
| 05/23/13 | Telephone conference duplicative time | .3 | | .3 |
| 02/14/14 | Telephone conference duplicative time | | .25 | .25 |
| 03/26/14 | Telephone conference duplicative time | | .5 | .5 |
| 08/13/14 | Telephone conference duplicative time | | .25 | .25 |
| | | | | |
| | TOTAL | .3 | 1.0 | 1.3 |

B.  Pleadings:

No adjustments

C.  Written Discovery:

| DATE | ADJUSTMENT | HBH | SJS | BWW |
|------|-----------|-----|-----|-----|
| 09/12/13 | Telephone conference duplicative time | .05 | | .25 |
| 10/15/13 | Telephone conference duplicative time | .3 | | .3 |
| 10/15/13 | Telephone conference duplicative time | .3 | | .15 |
| 10/24/13 | Telephone conference duplicative time | .15 | | .1 |
| | | | | |
| | TOTAL | .8 | 0 | .8 |

D.  Depositions:

| DATE | ADJUSTMENT | HBH | SJS | BWW |
|------|-----------|-----|-----|-----|
| 03/21/14 | Telephone conference duplicative time | | .25 | .25 |
| 06/30/14 | Deposition conference | | .2 | .2 |
| | TOTAL | 0 | .45 | .45 |

E.   Motion Practice:

| DATE | ADJUSTMENT | HBH | SJS | BWW |
|------|------------|-----|-----|-----|
| 07/15/13 | Telephone conference duplicative time | .3 | | .3 |
| 12/18/13 | Telephone conference duplicative time | .15 | | .15 |
| 08/13/14 | Telephone conference duplicative time | .25 | .25 | |
| 09/02/14 | Telephone conference duplicative time | .3 | .3 | |
| | | | | |
| | TOTAL | 1.0 | .55 | .45 |

F.   Court Hearing:

| DATE | ADJUSTMENT | HBH | SJS | BWW |
|------|------------|-----|-----|-----|
| 08/09/13 | Arithmetic error | 9.0 | | |
| 08/09/13 | Travel time duplicative | 1.3 | | .7 |
| 08/09/13 | Hearing time duplicative | .4 | | .4 |
| 08/09/13 | Client conference duplicative | .4 | | .35 |
| | | | | |
| | TOTAL | 11.1 | 0 | 1.45 |

G.   Trial Preparation:

| DATE | ADJUSTMENT | HBH | SJS | BWW |
|------|------------|-----|-----|-----|
| 04/22/15 | Unnecessary trial preparation | 2.5 | | |
| | | | | |
| | TOTAL | 2.5 | 0 | 0 |

H.   Trial:

No adjustment

7

I.   <u>ADR</u>

| DATE | ADJUSTMENT | HBH | SJS | BWW |
|------|------------|-----|-----|-----|
| 04/21/15 | ADR conference duplicative | 4.6 | | 4.6 |
| | | | | |
| | TOTAL | 4.6 | 0 | 4.6 |

J.   <u>Fee Petition:</u>

| DATE | ADJUSTMENT | HBH | SJS | BWW |
|------|------------|-----|-----|-----|
| 12/28/14 | Fee petition matter | .2 | .2 | |
| | | | | |
| | TOTAL | .2 | .2 | 0 |

K.   <u>Total Time Adjustments:</u>

Hoffman       20.5 hours

Springer      2.2 hours

Warbasse      9.05 hours